### JAKE LOOPER v. THE STATE.

No. 3650.  Decided June 25, 1915.

Rehearing denied October 13, 1915.

**Vagrancy—Sufficiency of the Evidence—Visible Means of Support.**

Where, upon trial of vagrancy, the defendant showed that he owned a home valued at $400, and two vacant lots, and some other property, of which the value was not given, and none of them were shown to produce any revenue, or that defendant had any income therefrom, and the testimony of the State showed that he had no visible means of support, and that he habitually loafed, loitered, and was then and there an idle person, the conviction was sustained.

Appeal from the County Court of Johnson.  Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of vagrancy; penalty, a fine of $200.

The opinion states the case.

*W. B. Featherston,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Under a complaint charging him with, on or about January 1, 1915, and continuously up to the time of filing the complaint, February 19th, being then and there an idle person, the appellant being an able-bodied person, who habitually loafed and loitered about the streets of Cleburne, having no regular employment and no visible means of support, appellant was convicted.

There are no bills of exception in the record; no complaints as to the charge of the court, and no special charges were requested.  So the only question presented is the sufficiency of the evidence.  W. M. Battle, A. C. White, Jim Hughes, Emmett Dillard, Bob Ewing, and Lee Bizzell testify to facts which fully support the allegations in the complaint. As a defense appellant relies on the fact that he owned a home in Cleburne valued at $400, two vacant lots, value not given, and some other property, value not given.  None of them are shown to produce any revenue, or that he has any income therefrom.  If the testimony would show that appellant had visible means of support, or an income sufficient to support himself, wife and children, we would agree with appellant that the provisions of the law under which he was indicted did not reach his case.  But as no such showing is made, we can not say that the jury, with the law properly presented to them in the charge, was not authorized to return the verdict they did.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1915.—Reporter.]